**MEMO ENDORSED**



JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

COREY S. SHOOCK
*Senior Counsel*
phone: (212) 356-5051
cshoock@law.nyc.gov

March 30, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Angel Garcia v. C.O. Palmenteri, et al.
                19 Civ. 7441 (KPF) (HBP)

Your Honor:

        I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York (hereinafter, "the Office"), and the attorney assigned to represent Defendant City of New York in the above-referenced matter. Defendant City respectfully requests that the stay of this action be continued pending the conclusion of the New York City Department of Correction's (hereinafter "DOC") investigation into the underlying incident and the passing of the current public health emergency stemming from the spread of the infectious disease known as COVID-19.[1]

        As the Court is aware, Plaintiff alleges in this case, *inter alia*, that on April 15, 2019, while an inmate in DOC custody at the George R. Vierno Center, he was subjected to excessive force by Defendant Correction Officer Palmenteri. Plaintiff also alleges that Defendant Palmenteri thereafter refused Plaintiff's request for medical treatment for Plaintiff's hand. See id. Plaintiff further alleges that several hours later, Defendant Captain Charles also refused Plaintiff's request for medical treatment for Plaintiff's hand. See id. at p.4, ¶ 2.

        Since the Court granted the stay on October 24, 2019 (ECF No. 18), this Office has regularly inquired into the status of the DOC internal investigation and has been informed that the results of that investigation are currently pending supervisory review. The result of that

---

[1] Plaintiff has previously informed Defendant City that Plaintiff opposes a stay in this case. Defendant City is aware of Plaintiff's letter to the Court dated February 5, 2020 informing the Court of Plaintiff's impending release from State Prison and of a new forwarding address. (See ECF No. 25.) Defendant City is also aware that the Court's Memo endorsement mailed to that address was returned to sender on March 2, 2020. Defendant City will mail copies of this letter to the three addresses Plaintiff has provided to the Court.

review may include the approval of the investigation's findings, disapproval of the investigation's findings, or a directive to take additional investigative steps.

There are several reasons for the continued stay of this matter. As set forth in Defendant's applications dated October 23, 2019 and January 13, 2020, until DOC concludes its investigation, the parties will have very limited access to documents and other information regarding the incident alleged in this case—and no access to anything generated during the investigation. Furthermore, representation of the individually named defendants is still affected by the ongoing investigation as this Office will be unable to make an informed determination as to whether it can represent any of them until the resolution of the investigation. Without access to the documents and the officers involved, this Office will be unable to effectively respond to the complaint, fully participate in court conferences and prepare discovery, or properly assess the case for settlement purposes.

Additionally, as the Court is also aware, since Defendant City's January 13th application, a state of emergency has been declared by the federal, state, and local governments as a result of the COVID-19 infection. In furtherance of directives by public officials to avoid unnecessary personal contact, this Office has also directed both legal and non-legal staff to work from home to the greatest extent feasible. Likewise, that staff at both the Investigation Division and Legal Division at DOC have been directed to work remotely. Therefore, the capacity of DOC to provide this Office with copies of the investigative materials, including reports, video footage, and interview recordings, and the ability of this Office to process and review those materials are significantly limited for the duration of the pandemic crisis. Working remotely may also lengthen the time to finalize the investigation.

Based on the foregoing, and the reasons set forth in Defendant City's letters to the Court dated October 23, 2019 and January 13, 2020, Defendant City respectfully requests that the Court continue to stay the instant matter pending the conclusion of DOC's investigation into the underlying incident, and the lifting of the ongoing public health emergency work from home directives. Defendant City can provide another update regarding the status of the investigation as the Court desires.

Defendant City thanks the Court for its consideration in this regard.

Respectfully submitted,

*Corey S. Shoock*  /s

Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division

Application GRANTED. This case will continue to be STAYED pending the conclusion of the DOC's investigation into the alleged incident. Defendant City of New York is hereby ORDERED to submit a letter regarding the status of the DOC investigation at the earlier of **(i) June 30, 2020; or (ii) 14 days after the conclusion of the investigation.** Further, Plaintiff should continue to keep the Court and Defendants apprised of his mailing address.

Dated: March 30, 2020
      New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Angel Garcia
c/o Jasleen McCoon
1150 College Avenue, #2R
Bronx, New York 10456

*A copy of this Order was mailed by Chambers to:*

Angel Garcia
30th Street Men's Shelter
400 East 30th Street
New York, New York 10016