

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | COREY S. SHOOCK<br>*Senior Counsel*<br>phone: (212) 356-5051<br>cshoock@law.nyc.gov |
|---|---|---|

June 30, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: <u>Angel Garcia v. C.O. Palmenteri, et al.</u>
      19 Civ. 7441 (KPF) (HBP)

Your Honor:

   I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendant City of New York in the above-referenced matter. Defendant City respectfully requests that the stay of this action be continued pending the conclusion of the New York City Department of Correction's (hereinafter "DOC") investigation into the underlying incident. Defendant City conferred with Plaintiff by telephone on June 29, 2020, and he consents to the continuation of the stay.

   As the Court is aware, Plaintiff alleges in this case, *inter alia*, that on April 15, 2019, while an inmate in DOC custody at the George R. Vierno Center, he was subjected to excessive force by Defendant Correction Officer Palmenteri and thereafter denied medical treatment for Plaintiff's hand. Plaintiff further alleges that several hours later, Defendant Captain Charles also refused Plaintiff's request for medical treatment for Plaintiff's hand.

   DOC commenced an internal investigation into the underlying incident and, therefore, Defendant moved for a stay until its completion. Since the Court granted the stay on October 24, 2019 (ECF No. 18), this Office has regularly inquired into the status of the investigation. Recently this Office was informed that the results are currently pending supervisory review.

   There are several reasons for the continued stay of this matter. As set forth in Defendant's prior applications, until DOC concludes the supervisory review of its investigation, the parties will have very limited access to documents and other information regarding the incident alleged in this case—and no access to anything generated during the investigation because they are protected from disclosure by privilege. <u>See</u> <u>National Congress for Puerto Rican Rights v. City of New York, et al.</u>, 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing <u>In re Dep't of Investigation of the City of New York</u>, 856 F.2d 481, 484 (2d Cir. 1998) (ruling that the law enforcement privilege exists to "safeguard the privacy of individuals involved in an investigation," and to "prevent interference with an investigation") (citations omitted); <u>see also</u> <u>Nat'l Council of La Raza v. Dep't of Justice</u>, 411 F.3d 350, 256 (2d Cir. 2005) (noting that inter-agency or intra-agency documents may be

subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted).

Furthermore, the result of that supervisory review may conclude in approval of the investigation's findings, disapproval of the investigation's findings, and/or a directive to take additional investigative steps. As such, legal representation by this Office of the individually named defendants is still affected by the ongoing investigation. See N.Y. General Municipal Law § 50-k. Without access to the documents and the officers involved, this Office will be unable to effectively respond to the complaint, and fully participate in conferences, discovery or settlement.

Additionally, the COVID-19 pandemic has significantly impacted DOC and this Office. Members of both agencies still continue to work remotely. Therefore, DOC's ability to investigate this matter is still affected by the limitations engendered by the state and city New York on Pause orders. These reasons, as well as DOC's staffing shortage due to the spread of the infection among its personnel, have further lengthened the time DOC would ordinarily need to finalize this investigation.

Based on the foregoing, and the reasons set forth in Defendant City's prior applications to the Court, the City respectfully requests that the Court continue to stay the instant matter pending the conclusion of DOC's investigation into the underlying incident. The City can provide another update regarding the status of the investigation as the Court desires.

Defendant City thanks the Court for its consideration in this regard.

Respectfully submitted,

*Corey S. Shoock*      /s
Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division


cc:   Angel Garcia (By U.S. Mail)[1]
      Book & Case No. 3002000213
      New York City Department of Correction
      Manhattan Detention Complex
      125 White Street
      New York, New York 10013

      Angel Garcia (By U.S. Mail)
      c/o Jasleen McCoon
      1150 College Avenue, #2R
      Bronx, New York 10456

      Angel Garcia (By U.S. Mail)
      2020 Monterey Avenue, #4F
      Bronx, New York 10457

---

[1] Upon information and belief, Plaintiff is currently in the custody of DOC. At Plaintiff's request, Defendant is also sending this application to the other addresses listed.

Application GRANTED. This case will continue to be STAYED pending the conclusion of the DOC's investigation into the alleged incident. Defendant City of New York is hereby ORDERED to submit a letter regarding the status of the DOC investigation at the earlier of **(i) October 30, 2020; or (ii) 14 days after the conclusion of the investigation.** Further, Plaintiff should continue to keep the Court and Defendants apprised of his mailing address.

Dated: July 1, 2020
      New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Angel Garcia
Book & Case No. 3002000213
New York City Department of Correction
Manhattan Detention Complex
125 White Street
New York, New York 10013

*A copy of this Order was mailed by Chambers to:*

Angel Garcia
c/o Jasleen McCoon
1150 College Avenue, #2R
Bronx, New York 10456

*A copy of this Order was mailed by Chambers to:*

Angel Garcia
2020 Monterey Avenue, #4F
Bronx, New York 10457